124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United STATES of America, Jr., Plaintiff-Appellee,
v.
Walter F. Kusay, Jr., Defendant-Appellant.
 No. 97-1452.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 16, 1997.*
Aug. 12, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.
 
 
 2
 Before Hon. WALTER J. CUMMINGS, Circuit Judge Hon. Frank H. Easterbrook, Circuit Judge Hon. Kenneth F. Ripple, Circuit Judge
 
 Order
 
 3
 Two years ago we directed the district court to determine whether Walter Kusay's lawyer, Fred Mierzwa, had abandoned him by refusing to file a notice of appeal. Kusay v. United States, 62 F.3d 192 (7th Cir.1995). After a false start (the original judge held a hearing before the mandate issued), the judge to whom the case was reassigned let 18 months pass before acting. When an evidentiary hearing was at last held, Mierzwa did not appear. The prosecutor then stipulated, and the judge found, that Mierzwa indeed had abandoned Kusay. (Although the record does not reveal what has happened to Mierzwa, we trust that the district court has opened appropriate disciplinary proceedings.) The judge then reentered the original judgment to permit Kusay to take a direct appeal. Kusay has served his entire sentence, and his term of supervised release has expired, so the appeal is limited to the terms of the restitution order.
 
 
 4
 That order reads: "Payments of restitution are to be made to the United States Attorney for transfer to the payee(s) ... in installments according to the following schedule of payments: Restitution in the amount of $1,470,000.00 to be paid at the discretion of the Probation Office." Ever since United States v. Boula, 997 F.2d 263, 268 (7th Cir.1993), this circuit has vacated any order giving the probation office discretion to set a schedule of payments. That power is a judicial one, which may not be delegated. See United States v. Ahmad, 2 F.3d 245 (7th Cir.1993). Although the original judgment was entered in 1992, before Boula, it was reentered without change in 1997, an inexplicable step, and the prosecutor has sensibly confessed error.
 
 
 5
 The judgment is vacated, and the case is remanded for further proceedings consistent with this order and with our cases explicating the Boula principle. See, e.g., United States v. Trigg, No. 96-1487 (7th Cir. July 8, 1997), slip op. 10-15.
 
 
 
 *
 This successive appeal has been assigned to the original panel under Operating Procedure 6(b). The judges have concluded that argument would not assist the court. See Fed. R.App. P. 34(a), Circuit Rule 34(f)